FILED

2006 SEP 11 AM 9:21

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT MCCLINTOCK,<br><br>Plaintiff,<br>vs.<br>JAMES YATES, Warden, ,<br><br>Defendant. | CASE NO. 05cv1510-LAB (WMc)<br><br>ORDER |

    Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.A. § 2254 (West Supp. 1998). On September 1, 2006, the Court received Petitioner's First Amended Pleading of Habeas Corpus. For the reasons stated herein, the Court construes Petitioner's Amendment as a *request* to amend his habeas corpus petition and orders a new briefing schedule.

    Federal Rule of Civil Procedure 15 provides for the filing of supplemental pleadings "Upon motion of a party the court may, upon reasonable notice and upon such terms a are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d).

    In this case, it appears Petitioner has tried to file a supplement to his petition pursuant to Rule 15(d). However, a review of Petitioner's supplement shows that the claims contained therein relate directly to events occurring at the time of Petitioner's state court proceedings. These new claims are not occurrences or events which have happened since the filing of the original petition as required

under Fed.R.Civ.P. 15(d). Thus, the new issues contained in Petitioner's "First Amended Pleading of Habeas Corpus" are not properly before the Court.

Federal Rule of Civil Procedure 15 also contains a provision that a party may amend its pleading "once as a matter of course at any time before a responsive pleading is served..." Fed.R.Civ.P. 15(a). Based upon the facts presented, Petitioner's only available option is to submit an amended petition containing *all claims* Petitioner seeks to present to the Court for habeas review. Petitioner may submit an amended petition without leave of court or written consent of Respondent because no answer has yet been filed in this case.

Therefore, on or before **October 6, 2006**, Petitioner may submit an amended petition which must include all claims Petitioner wants the Court to consider. Petitioner is advised that **no continuances** will be granted and if Petitioner misses his filing deadline the Court will go forward with the originally filed Petition. [Docket No. 1].

Petitioner is also cautioned that all claims contained in an amended petition must be exhausted. From a brief review of Petitioner's "supplemental pleading" it appears that his new claims are unexhausted.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] See <u>Sandgathe v. Maass</u>, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the <u>same</u> as that raised in the state proceedings. See <u>id.</u>

If Petitioner chooses to file an amended petition, he must demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. Petitioner's second

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

option is to formally abandon his unexhausted claims and proceed with his exhausted ones. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). As a third option, Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). Rhines v. Webber, 544 U.S. __, 125 S.Ct. 1528 (2005); Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005).

The Court **NOTIFIES PETITIONER THAT HE IF HE FILES AN AMENDED PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS IT IS SUBJECT TO DISMISSAL**.

If Petitioner files an amended petition by October 6, 2006, Respondent may file a reply on or before Respondent's current deadline of October 19, 2006.

**IT IS SO ORDERED.**

Dated: 9/11/06

WILLIAM McCURINE, JR.
United States Magistrate Judge

cc: HONORABLE LARRY A. BURNS
ALL COUNSEL AND PARTIES OF RECORD